UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-14068-RAR

**TONY ALEXANDER PAPAGEORGE, JR.**,

    Petitioner,

v.

**STATE OF FLORIDA**, *et al.*,

    Respondents.
_____/

## ORDER DISMISSING 28 U.S.C. § 2254 PETITION

**THIS CAUSE** comes before the Court on Tony Alexander Papageorge's *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. *See* Petition ("Pet.") [ECF No. 1]. Petitioner argues that his convictions for aggravated battery of a pregnant victim and witness tampering—which were imposed by the Nineteenth Judicial Circuit Court in and for St. Lucie County, Florida, in Case No. 2014-CF-002800A—are constitutionally infirm. *See id.* at 1. The Respondent argues, *inter alia*, that the Court should dismiss the Petition as time-barred under 28 U.S.C. § 2244(d)(1). *See* Response ("Resp.") [ECF No. 10] at 8 ("Because a total of 403 days of untolled time elapsed before the Petition was filed, it should be dismissed as time-barred."). After carefully reviewing the record, the Court agrees that the Petition must be **DISMISSED** as untimely.

### PROCEDURAL HISTORY

The State of Florida charged Petitioner by Information with aggravated battery of a pregnant victim (Count 1) and tampering with a witness, victim, or informant (Count 2). *See* Information [ECF No. 15-4] at 2–3. The State alleged that an argument between Petitioner and the victim, who was pregnant with the victim's child, began to escalate until "[Petitioner] grabbed

the victim and slammed her to the ground.  [Petitioner] also pulled the victim and kicked her." Direct Appeal Answer Brief [ECF No. 15-1] at 42.  After Petitioner was arrested, he contacted the victim and, according to the State, ordered the victim to stop cooperating with the investigation and to "say that it was all a misunderstanding and that nothing happened."  *Id.* at 43–44.  On January 30, 2015, a St. Lucie County jury found Petitioner guilty of both counts as charged in the Information.  *See* Verdict [ECF No. 15-4] at 6.  The state trial court adjudicated Petitioner guilty and, on March 10, 2015, found Petitioner to be a "habitual felony offender" and sentenced him to thirty (30) years in the custody of the Florida Department of Corrections.  *See* Judgment and Sentence [ECF No. 15-4] at 8–20.

Petitioner appealed his convictions and sentences to Florida's Fourth District Court of Appeal ("Fourth DCA").  On **May 4, 2017**, the Fourth DCA summarily affirmed Petitioner's convictions in an unwritten *per curiam* opinion.  *See Papageorge v. State*, 226 So. 3d 844 (Fla. 4th DCA 2017).  Several months later, on **July 9, 2017**,[1] Petitioner filed a *pro se* "Motion for Reduction/Modification/Mitigation of Sentence" under FLA. R. CRIM. P. 3.800(c).  *See* Rule 3.800(c) Motion [ECF No. 15-1] at 85–88.  The state trial court denied the Rule 3.800(c) Motion on **November 28, 2018**.  *See* Order Denying Rule 3.800(c) Motion [ECF No. 15-1] at 96.

On **June 8, 2018**, Petitioner filed a motion for postconviction relief pursuant to FLA. R. CRIM. P. 3.850 raising four grounds for relief.  *See* Rule 3.850 Motion [ECF No. 15-1] at 99–127. On June 20, 2019, the state postconviction court denied Ground Two of the Motion but set an evidentiary hearing on the three remaining claims.  *See* Order Denying in Part Rule 3.850 Motion and Granting Evidentiary Hearing [ECF No. 15-3] at 25–27.  After holding the hearing, the state

---

[1] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).  "Absent evidence to the contrary, [courts] assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).

postconviction court denied the three remaining grounds on November 19, 2019. *See* Order Denying Rule 3.850 Motion [ECF No. 15-3] at 29–34. Petitioner appealed the denial of his Rule 3.850 Motion; the Fourth DCA summarily affirmed on December 9, 2021, *see Papageorge v. State*, 330 So. 3d 26 (Fla. 4th DCA 2021), and issued its mandate on **January 7, 2022**, *see* Postconviction Mandate [ECF No. 15-3] at 62. Petitioner attempted to seek review in the Florida Supreme Court, *see* Notice to Invoke Discretionary Jurisdiction [ECF No. 15-3] at 64, but the Supreme Court dismissed the case on January 25, 2022, because it "lack[ed] jurisdiction to review an unelaborated decision from a district court of appeal that is issued without opinion or explanation," *Papageorge v. State*, No. SC22-106, 2022 WL 214282, at *1 (Fla. Jan. 25, 2022).

The instant Petition was filed in this Court on **March 6, 2023**. *See* Pet. at 33. However, Petitioner also filed a "Motion for Extension of Time" contemporaneously with the Petition. *See* Motion for Extension of Time [ECF No. 4].[2] In that Motion, Petitioner requested a ninety (90) day extension of time to file his § 2254 petition, stating that: (1) the prison "added additional holidays to the Institutions [sic] schedule rendering the law library inaccessible," (2) the prison was in the process of training a new law librarian "which set back [Petitioner's] ability to access the law library," (3) the prison had only one prison law clerk for all the inmates "making it impossible for inmates to receive legal material in a timely manner," and (4) the prison went into an "(8) day lock-down" which prevented Petitioner from accessing the law library during that timeframe. *Id.* at 1. The Court dismissed the Motion, finding that it lacked the authority "to grant

---

[2] The Motion contained two prison mail stamps: one dated January 3, 2023, from Columbia Correctional Institution, and one dated January 19, 2023, from the South Florida Reception Center. *See* Motion for Extension of Time [ECF No. 4] at 1. Petitioner also provides a document from this Court's Clerk of Court indicating that the Clerk received this Motion on or around January 25, 2023, but returned it to Petitioner since there was no pending case. *See id.* at 5. Although the Court will presume that Petitioner attempted to file this Motion in January 2023, it would have lacked jurisdiction to rule on it because the Court cannot preemptively grant a motion for extension of time <u>before</u> an application for habeas relief is filed. *See Swichkow v. United States*, 565 F. App'x 840, 844 (11th Cir. 2014).

Page 3 of 10

an extension of the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1)." Order Dismissing Motion for Extension of Time [ECF No. 6] at 2 (quoting *Broadnax v. Jones*, No. 15-CV-341, 2015 WL 4977311, at *1 (N.D. Fla. Aug. 4, 2015), *report and recommendation adopted*, 2015 WL 4977298 (N.D. Fla. Aug. 20, 2015)).

## ANALYSIS

### A. The Motion is Untimely Under § 2244(d)(1)

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") created a one-year statute of limitations for state prisoners to bring § 2254 petitions in federal court. *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). That limitation period "runs from the latest of" the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).   AEDPA's limitations period is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). To be "properly filed," as that

term is used, a postconviction motion's "delivery and acceptance [must be] in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

A judgment becomes final under § 2254(d)(1)(A) when "[the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). As the Eleventh Circuit has explained, "the time for pursuing review in the Supreme Court of the United States is governed by Supreme Court Rules 13.1 and 13.3, which together provide that a petition for a writ of certiorari to review a judgment . . . entered by a state court of last resort . . . is timely when it is filed . . . within 90 days after entry of the judgment . . . and not from the issuance date of the mandate." *Moore v. Sec'y, Fla. Dep't of Corr.*, 762 F. App'x 610, 617–18 (11th Cir. 2019) (cleaned up). Stated plainly, for petitioners who do not (or cannot) seek discretionary review from the Florida Supreme Court, their judgment becomes final 90 days after the District Court of Appeal enters a judgment affirming the conviction and sentence. *See Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275–76 (11th Cir. 2006). In this case, Petitioner's criminal judgment was affirmed on May 4, 2017, so his conviction became final ninety days later on August 2, 2017. *See Papageorge v. State*, 226 So. 3d at 844. In most circumstances, AEDPA's limitations period would have begun the next day—August 3, 2017. *See* FED. R. CIV. P. 6(a)(1) ("When the period is stated in days or a longer unit of time . . . exclude the day of the event that triggers the period.").

But this case is different. Before Petitioner's criminal judgment became final on August 2, 2017, he filed a Rule 3.800(c) motion in the state trial court on July 9, 2017. *See* Rule 3.800(c) Motion [ECF No. 15-1] at 85–88. The Eleventh Circuit has held that "[a] motion under Rule 3.800(c), Florida Rules of Criminal Procedure, tolls the limitations period for a federal habeas

petition." *Rogers v. Sec'y, Dep't of Corr.*, 855 F.3d 1274, 1278–79 (11th Cir. 2017). So, even though Petitioner's criminal judgment became final on August 2, 2017, the "AEDPA clock" did not begin the next day since Petitioner's Rule 3.800(c) Motion was a "properly filed application for State post-conviction or other collateral review" that was pending before, during, and after the criminal judgment became final. 28 U.S.C. § 2244(d)(2).

AEDPA's limitations period remained tolled for a lengthy period of time thereafter. Petitioner filed his Rule 3.850 Motion on June 8, 2018, *see* Rule 3.850 Motion [ECF No. 15-1] at 99–127, which was <u>before</u> the state postconviction court denied his Rule 3.800(c) Motion on November 28, 2018, *see* Order Denying Rule 3.800(c) Motion [ECF No. 15-1] at 96.[3] The limitations period, therefore, remained tolled until the Rule 3.850 Motion was finally disposed of on **January 7, 2022**—the same day the Fourth DCA's mandate affirming the denial of the Rule 3.850 Motion was issued. *See* Postconviction Mandate [ECF No. 15-3] at 62; *see also San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) ("The AEDPA clock resumes running when the state's highest court issues its mandate disposing of the motion for post-conviction relief.").[4]

---

[3] Rule 3.800(c) contains the following language: "the trial court <u>shall</u> have 90 days from the date the motion is filed or such time as agreed by the parties or as extended by the trial court to enter an order ruling on the [3.800(c)] motion." FLA. R. CRIM. P. 3.800(c) (emphasis added). The use of the word "shall" here suggests that, if a state court does not rule on a 3.800(c) motion within ninety days of it being filed, the motion may no longer be "properly filed" since the state trial court loses jurisdiction of the motion and/or the motion is considered automatically denied. *See Kingdomware Tech., Inc. v. United States*, 579 U.S. 162, 171 (2016) ("[T]he word 'shall' usually connotes a requirement."). This is not dissimilar to language found in FLA. R. CRIM. P. 3.800(b). *Cf. Collins v. State*, 253 So. 3d 1107, 1107 (Fla. 2d DCA 2018) (explaining that Rule 3.800(b)(2) "contains a provision automatically denying a motion if the circuit court does not rule on the motion within 60 days"). The Court has been unable to find any state law authority either confirming or refuting its interpretation of Rule 3.800(c), so it will leave this issue for another day to be decided by the proper state court authorities. However, if Rule 3.800(c) only allows for a motion to be ruled upon during a 90-day window, the Court notes that there would have been an additional period of untolled time from October 8, 2017 (*i.e.*, ninety days after the Rule 3.800(c) Motion was filed) until the Rule 3.850 Motion was filed on June 8, 2018.

[4] Respondent suggests that the time for filing the Petition was tolled until January 25, 2022, which is the date that the Florida Supreme Court dismissed Petitioner's appeal for lack of jurisdiction. *See* Resp. at 8. That is incorrect. As the Florida Supreme Court has explained, that court "lacks jurisdiction to review

Under § 2244(d)(1)(A), then, the one-year period for Petitioner to file a § 2254 petition expired exactly one year after that on **January 7, 2023**. *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) ("[T]his Court has suggested that the limitations period should be calculated according to the 'anniversary method,' under which the limitations period expires on the anniversary of the date it began to run."); *see also* Motion for Extension of Time [ECF No. 4] at 1 (conceding that the Petition was due by January 7, 2023). Since the Petition was filed on March 6, 2023, it was filed two months too late and is untimely under § 2244(d)(1)(A). And, because Petitioner does not allege the existence of an "impediment . . . created by State action," a new constitutional right retroactively applicable on collateral review, or a new factual predicate, he cannot avail himself of § 2244(d)(1)'s other limitations periods. *See generally* 28 U.S.C. § 2244(d)(1)(B)–(D). In short, the Petition is untimely. *See San Martin*, 633 F.3d at 1265.

### B. No Other Exceptions Apply

Though the Petition is untimely, there are two narrow exceptions which would allow Petitioner to overcome AEDPA's time-bar. First, "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). To show that he is entitled to this "actual innocence" exception, Petitioner must provide "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial" and which is so compelling that it "raises 'sufficient

---

unelaborated orders or opinions from the district courts of appeal that do not expressly address a question of law." *Wheeler v. State*, 296 So. 3d 895, 896 (Fla. 2020). In other words, Petitioner's futile attempt to get the Florida Supreme Court to accept jurisdiction of his appeal from the Fourth DCA was not "properly filed" and did not toll any time under § 2244(d)(2). *See Bismark v. Sec'y, Dep't of Corr.*, 171 F. App'x 278, 280 (11th Cir. 2006) ("Though Bismark filed a notice with the Florida Supreme Court on June 12, 2001, seeking review of the denial of the motion, the § 2244(d) limitations period was not tolled further because his petition with the Florida Supreme Court was not 'properly filed' since the order appealed from was *per curiam*.").

doubt about [the petitioner's] guilt to undermine confidence in the result of the trial.'" *Arthur v. Allen*, 452 F.3d 1234, 1245 (11th Cir. 2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 317, 324 (1995)). Petitioner does not allege that he is "actually innocent," nor has he provided evidence that meets the demanding standard of this exception. *See generally* Pet.; Reply [ECF No. 17].[5] Accordingly, the actual innocence exception does not apply.

The other timeliness exception is "equitable tolling," which is "an extraordinary remedy [that] is typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). A habeas petitioner is only entitled to equitable tolling "if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner bears "the burden of proving entitlement to equitable tolling by showing 'extraordinary circumstances that were both beyond his control and unavoidable even with diligence' prevented filing the petition on time." *Jones v. United States*, 304 F.3d 1035, 1040 (11th Cir. 2002) (quoting *Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000)). Although Petitioner never explicitly makes an equitable tolling argument, the Court liberally construes "Motion for Extension of Time" as "evidence" of extraordinary circumstances which prevented Petitioner from filing his Petition on or before January 7, 2023. *See* Motion for Extension of Time [ECF No. 4] at 1.

Without deciding if Petitioner pursued his rights diligently before filing his Petition, the Court finds that equitable tolling does not apply because there is not a sufficiently "extraordinary circumstance" to justify its application. Petitioner points to four reasons as to why his Petition was filed late: (1) the law library was closed unexpectedly during the holidays; (2) the prison was

---

[5] In fact, the Reply does not address the Petition's timeliness at all.

onboarding a new, inexperienced law librarian; (3) there was only one prison law clerk available; and (4) there was an eight-day lockdown that shut off all access to the law library. *See id.* These impediments, while unfortunate, do not meet the "extraordinary circumstances" standard required for equitable tolling. The Eleventh Circuit has repeatedly held that an inmate's inability to freely access the law library or the prison's legal resources is not a sufficient basis for equitable tolling. *See, e.g.*, *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1313–14 (11th Cir. 2001) (finding no equitable tolling where the petitioner "was prevented from obtaining accurate information due to deficiencies in the prison library where he was being held"); *Miller v. Florida*, 307 F. App'x 366, 367–68 (11th Cir. 2009) ("[E]ven restricted access to a law library, lock-downs, and solitary confinement do not qualify as ordinary circumstances warranting equitable tolling."); *Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) ("Paulcin's transfer to county jail and denial of access to his legal papers and the law library did not constitute extraordinary circumstances."). Since Petitioner has not demonstrated that the actual innocence or equitable tolling exceptions apply, the Court concludes that the Petition must be dismissed as time-barred.

## EVIDENTIARY HEARING

No evidentiary hearing is warranted in this matter. *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) ("[A] district court need not hold a hearing if the allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record. (cleaned up)).

## CERTIFICATE OF APPEALABILITY

After careful consideration of the record in this case, the Court declines to issue a certificate of appealability ("COA"). A habeas petitioner has no absolute entitlement to appeal a district

court's final order denying his habeas petition. Rather, to pursue an appeal, a petitioner must obtain a COA. *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009).

Issuance of a COA is appropriate only if a litigant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, litigants must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a district court "denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims" the movant must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Here, reasonable jurists would not find the Court's procedural ruling that the Petition is untimely to be debatable. Accordingly, a COA is denied and shall not issue.

## CONCLUSION

Having carefully reviewed the record and governing law, it is

**ORDERED AND ADJUDGED** that the Petition [ECF No. 1] is **DISMISSED**. All pending motions are **DENIED as moot**. Any demands for an evidentiary hearing are **DENIED**, and a certificate of appealability shall **NOT ISSUE**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami Florida, this 23rd day of June, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**